IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL NO.: _____ |
| | FILED: _____ |
| Plaintiff, | |
| -v- | |
| R. BRIAN HUBBARD<br>12469 MCNEELEY RD.<br>AKRON, NY 14001 | |
| KELLY HUBBARD<br>12469 MCNEELEY RD.<br>AKRON, NY 14001 | |
| Defendants. | |

### **COMPLAINT – ACTION TO FORECLOSE A MORTGAGE**

The United States of America, a Sovereign, by Thomas L. Sooy, Attorney for the Plaintiff, complains and alleges as follows:

1. This Court has jurisdiction under the provisions of Title 28, United States Code, Section 1345.

2. On or about August 30, 2002, at the request of the Defendants, R. Brian Hubbard and Kelly Hubbard (hereinafter 'Hubbards'), the Plaintiff, the United States of America, acting by and through its agency, USDA Rural Housing Service (hereinafter referred to as the "United States"), did lend to the Hubbards, the sum of $103,550.00, which sum the Hubbards did undertake and promise to repay, with interest at 6.750% in specified monthly

installments on the following described real estate in Erie County, New York:

> **ALL THAT TRACT OR PARCEL OF LAND, situate in the Town of Newstead, County of Erie and State of New York, being part of Lot No 3, Section 10, Township 12, Range 5 of the Holland Land Company's Survey, bounded and described as follows:**
>
> **Beginning at a point on the center line of McNeeley Road distant 1,480.53 feet westerly thereon from the intersection thereof with the east line of Lot 1, Section 10 and the center line of Hake Road; thence southerly at an interior angle of 96 degrees, 34 minutes, 15 seconds, 773.10 feet to the south line of Lot No. 3, Section 10; thence westerly along said south line of Lot 3, Section 10, 159.66 feet; thence northerly and parallel to the first course described herein, 790.29 feet to a point on said center line of McNeeley Road distant 160.71 feet westerly thereon from the point of beginning; thence easterly along said center line of McNeeley Road, 160.71 feet to the point or place of beginning.**

3. As evidence of the indebtedness, the Hubbards, did execute and deliver to the United States a Promissory Note dated August 30, 2002, a true copy of which is attached hereto as **Exhibit "A"**.

4. In order to secure the payment of the indebtedness the Hubbards, did execute, acknowledge and deliver to the United States, a real property mortgage dated August 30, 2002, a true copy of which is attached hereto as **Exhibit "B"**.

5. The mortgage was duly recorded on August 30, 2002 in the Erie County Clerk's Office as Liber 13013 at Page 4042.

6. This loan was reamortized by Reamortization Agreements. The Hubbards executed Reamortization Agreements on or around April 4, 2011; August 14,

2012; and March 9, 2016, true and accurate copies of which are attached hereto as **Exhibit "C"**.

7. The United States is now the owner and holder of the Promissory Note and Mortgage.

8. Pursuant to the terms of a certain Subsidy Repayment Agreement and Payment Subsidy Renewal Certifications executed by the Hubbards, a subsidy reduction in the payments due and /or the interest described in the Promissory Note was reduced during each Agreement's effective period. True and accurate copies of said Subsidy Repayment Agreement and Payment Subsidy Renewal Certifications are attached hereto as **Exhibit "D"**.

9. The Hubbards have breached and violated the provisions of the Promissory Note and Mortgage in that the Hubbards did neglect and fail to pay the installments of principal and interest when due, despite due demand therefore and /or by failing to make payment of real property taxes when due, thus making it necessary for the United States to pay the same to protect its interest. True and accurate copies of the Acceleration Letters are attached hereto as **Exhibit "E"**.

10. By reason of the defaults described herein, the United States has elected to declare the entire sums secured by the mortgage to be due and payable.

11. There is now justly due and payable to the Plaintiff, as of September 20, 2024, on the Promissory Note and Mortgage the following sums:

|  |  |
|---|---|
| Unpaid Principal (Note) | $149,610.97 |
| Unpaid Interest (Note) | $74,758.20 |
| Unpaid Principal (Advances) | $29,601.59 |
| Unpaid Interest (Advances) | $6,272.75 |
| Unpaid Escrow/Impound (Advances) | $0.00 |
| Late Fees | $92.33 |
| **Total** | **$260,335.84** |

Together with interest at the rate of 6.75% per annum on principal and all advances from September 20, 2024. A true and accurate copy of an updated Certificate of Indebtedness is attached as **"Exhibit F"**.

12. Upon information and belief, the United States may be compelled to make additional advances for payment of taxes, hazard insurance, water and sewer charges, or other municipal assessments maintenance, in order that it may protect and preserve security, but the nature and amount thereof is unknown to the United States at this time. Nevertheless, the United States seeks recovery thereof and therefore, together with interest thereon.

13. No other action or proceeding has been brought at law or otherwise for the recovery of said sums secured by the Promissory Note and Mortgage, or any part thereof.

14. That the United States has complied with the notice provisions of New York State RPAPL Section 1304. A true and accurate copy of the required notice is attached hereto as **Exhibit "G"**.

15. At the time this proceeding was commenced, the United States has complied with the provisions of New York State RPAPL Section 1306 regarding filing

with the Superintendent of the New York State Banking Department. A true and accurate copy of the required filing is attached hereto as **Exhibit "H"**.

WHEREFORE, Plaintiff demands judgment:

    a. That the Defendants, subsequent to the filing of the Notice of Pendency of this action, and every person whose conveyance or encumbrance is subsequent or subsequently recorded, be forever barred and foreclosed of all right, claim, lien and equity of redemption in the mortgaged premises;

    b. That the premises may be decreed to be sold according to law;

    c. That the amount due to the Plaintiff on the Promissory Note and Mortgage may be adjudged in an amount totaling $260,335.84 plus interest that continues to accrue on the unpaid principal balance at the rate of 6.75% per annum from September 20, 2024;

    d. That the moneys arising from the sale may be brought into Court;

    e. That the Plaintiff may be paid the amount adjudged to be due to the Plaintiff with interest thereon to the time of such payment, together with the costs and expenses of this action and the expenses of the sale, so far as the amount of such money properly applicable thereto will pay the same;

f. And that the Plaintiff may have such other and further relief as may be just and equitable.

Respectfully submitted,

By: *(signature)*

THOMAS L. SOOY (NY Bar # 5640198)
Private Counsel, United States Department of Justice
The Law Offices of Robert A. Schuerger Co., LPA
1001 Kingsmill Parkway
Columbus, OH 43229
PH: (614) 674-6853
Fax: (614) 674-6864
Email: Thomas.sooy@usdoj.gov
*Attorney for Plaintiff*

Date: 11-1-24

## VERIFICATION

STATE OF OHIO            )

COUNTY OF FRANKLIN       )

Thomas L. Sooy, being duly sworn, deposes and says:

1. I am an Attorney duly admitted to practice in the Federal Courts of the Western District of the State of New York and have read the foregoing Complaint.

2. The allegations of the Complaint are true, except those matters alleged-on information and belief, and those matters I believe to be true. The grounds of my knowledge and the sources of my information and belief are records of the Rural Housing Service and its successor agency, the United States Department of Agriculture, and public records.

3. This verification is made by me and not by Plaintiff because the United States of America is a sovereign.

*[signature]*

Thomas L. Sooy, Esq. (NY Bar # 5640198)
Private Counsel, United States Department of Justice
The Law Offices of Robert A. Schuerger Co., LPA
1001 Kingsmill Parkway
Columbus, OH 43229
PH: (614) 674-6853
FAX: (614) 674-6864
Email: Thomas.sooy@usdoj.gov

Sworn to before me, this
1st day of November, 2024.

*[signature: Lynne Warner-Steed]*

Notary Public

**Lynne Warner-Steed**
Notary Public, State of Ohio
My Commission Expires 08-28-2027

## NOTICE

### YOU ARE IN DANGER OF LOSING YOUR HOME

If you do not respond to this summons and complaint by serving a copy of the answer on the attorney who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.

Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.

Sending a payment to the Federal Government will not stop this foreclosure action.

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF AND FILING THE ANSWER WITH THE COURT**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,　　　　　CIVIL NO.: _____
　　　　　　　　　　　　　　　　　　　FILED: _____
　　　　Plaintiff,

　　-v-

R. BRIAN HUBBARD
12469 MCNEELEY RD.
AKRON, NY 14001

KELLY HUBBARD
12469 MCNEELEY RD.
AKRON, NY 14001

　　　　Defendants.

---

## CERTIFICATE OF MERIT PURSUANT TO CPLR 3012-B

Thomas L. Sooy, Esq., pursuant to CPLR §3012-2 and under penalties of perjury, affirms as follows:

1. I am an attorney at law duly licensed to practice in the State of New York, and am affiliated with the law firm The Law Offices of Robert A. Schuerger Co., LPA, Private Counsel to the United States Department of Justice, attorney for plaintiff in this foreclosure action.

2. This residential foreclosure action involves a home loan, as such term is defined in Real Property Actions and Proceedings Law §1304. Upon

information and belief, Defendants are residents of the property subject to foreclosure.

3. I have reviewed the facts of this case and reviewed the pertinent documents, including the mortgage, security agreement and note or bond underlying the mortgage executed by defendant, all instruments of assignment (if any), and all other instruments of indebtedness including any modification, extension, and consolidation.

4. I have consulted with the following representative of plaintiff:

   Jennifer Jackson, Program Director

5. Upon this review and consultation, to the best of my knowledge, information, and belief, I certify that there is a reasonable basis for the commencement of this action, and that plaintiff is the creditor entitled to enforce rights under these documents.

6. I am aware of my obligations under New York Rules of Professional Conduct (22 NYCRR Part 1200 and 22 NYCRR Part 130).

Dated: 11-1-24

Thomas L. Sooy, Esq. (NY Bar # 5640198)
Private Counsel, United States Department of Justice
The Law Offices of Robert A. Schuerger Co., LPA
1001 Kingsmill Parkway
Columbus, OH 43229